IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CARRASQUILLO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 09-347 |
| ) | Judge Gary L. Lancaster |
| GOVERNOR EDWARD G. RENDELL; ) | Magistrate Judge Amy Reynolds Hay |
| ATTORNEY GENERAL THOMAS W. ) | |
| CORBETT; JEFFREY A. BEARD, ) | |
| Secretary of Corrections; SUSAN N. ) | |
| HUESTON, Chief Legal Counsel; PA ) | |
| DEPT OF CORRECTIONS; D.M. ) | |
| CHAMBERLAIN, Superintendent of SCI ) | |
| Pittsburgh; CORRECTION OFFICER ) | |
| O'DONNEL, ) | |
| ) | |
| Defendants ) | |

## REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the complaint be dismissed as against all Defendants except Defendant C.O. O'Donnel, pursuant to the screening provisions of the Prison Litigation Reform Act, because Plaintiff's complaint fails to state a claim upon which relief can be granted against those Defendants.

REPORT

David Carrasquillo, ("Plaintiff"), currently incarcerated as a state prisoner in SCI Pittsburgh, has filed this civil rights action, alleging that the Defendant Corrections Officer O'Donnel has engaged in a pattern of harassment against him and threatened him, perhaps in retaliation. See Dkt. [1-3] at 2, ¶ C.1 ("The Plaintiff Carrasquillo was threatened with malicious violence by C.O. O'Donnel becuse [sic] of Plaintiff['s] case."). Even though the only

allegations of wrongdoing in the complaint involve Defendant O'Donnel, Plaintiff has named in the caption of the case six other defendants, i.e., Governor Rendell, Attorney General Thomas Corbett, Secretary of Corrections Beard, Chief Legal Counsel Susan Hueston, Superintendent of SCI-Pittsburgh D.M. Chamberlain and the Pennsylvania Department of Corrections. Because it is apparent that Plaintiff seeks to sue all of the Defendants other than Defendant O'Donnel based upon a theory of respondeat superior,[1] the complaint should be dismissed as against all of the defendants except O'Donnel for failure to state a claim upon which relief can be granted.

### A. Relevant Procedural and Factual History

Plaintiff, proceeding pro se, executed a civil rights complaint pursuant to 42 U.S.C. §1983. Dkt. [1-3] at 2, ¶ III (citing Section 1983 as the jurisdictional basis of his complaint and alleging violations of his Fourth and Eighth Amendment rights). In that complaint, he made many allegations against Defendant O'Donnel for threatening and harassing Plaintiff and apparently recruiting others to do so, so much so that Plaintiff requested to be placed in administrative custody in order to feel safe. However, Plaintiff made no allegations at all concerning the remaining named defendants.

### B. Applicable Legal Principles

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in

---

1. McClelland v. Facteau, 610 F.2d 693, 695 (10th Cir. 1979)("Respondeat superior is a doctrine of vicarious liability based upon public policy [and] the notion that the person who benefits by the acts of the servant must pay for wrongs committed by the servant; the one held liable as master need not be at fault in any way.").

custody. Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a "prisoner" who has filed a civil action against "officer[s] or employee[s] of a governmental entity" within the meaning of 28 U.S.C. § 1915A(a), the screening provision of Section 1915A(b) apply herein. Similarly, because Plaintiff is a "prisoner" challenging "prison conditions",[2] the screening provision of 42 U.S.C. § 1997e(c)(1) applies. These screening provisions permit a court to dismiss such complaints if the court determines them to be frivolous, malicious, or if they fail to state a claim upon which relief may be granted.

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915A and under 42 U.S.C. § 1997e to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915A and by 42 U.S.C. § 1997e and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be

---

2. Porter v. Nussle, 534 U.S. 516, 532 (2002)("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 206 F.3d 289, 295 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001) (explaining the statutory phrase "prison conditions" to include claims concerning "actions . . . [that] make their [i.e. prisoners] lives worse.").

3

read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual allegations.")(some internal quotations omitted).

Dismissal is proper under Rule 12(b)(6) and, hence under the two PLRA screening provisions, where the court determines that the facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

To state a claim for relief under section 1983, a plaintiff must meet two threshold requirements. He must allege: (1) that persons took actions under color of state law; and (2) that as a result of those actions, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

**C. Discussion**

In his complaint, although Plaintiff named seven Defendants in the caption of the complaint, in the body of the complaint he mentioned only actions taken by Defendant O'Donnel. What has been stated previously in a similar case is equally applicable here:

> The allegations of the complaint never specifically mention actions taken on the part of Onorato, Rustin, Lightfoot or Rosemeyer. This alone is sufficient to dismiss the complaint against them. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *Amaya v. Milwaukee County*, No. 04-C-1114, 2006 WL 335437, *3 (E.D.Wis. Feb.13, 2006) ("I would dismiss defendants who are named in the caption, but are not specifically mentioned in the body of the complaint, because plaintiff has failed to give these defendants "fair notice" of her claims against them.") (*citing, Moyer v. Hultz*, No. 05-3039, 2005 WL 2994328, at *2, 2005 U.S. Dist. LEXIS 27440, at *6 (C.D. Ill. Nov. 8, 2005)) (which in turn cited *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)); *Hernandez v. County of DuPage*, No. 96 C 8030, 1997 WL 598132, *9-10 (N.D.Ill.) (dismissing claims where plaintiff named four of the defendants in the caption but failed to specifically mention them in the complaint, using only the word "defendants"). Moreover, further amendment of the complaint would be futile because it is clear that Plaintiff's allegations reveal liability against Defendants Onorato, Rustin, Lightfoot and Rosemeyer based merely on respondeat superior and hence fail to state a claim against them. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

Banks v. County of Allegheny, 568 F.Supp.2d 579, 583 (W.D.Pa. 2008).

Likewise here, any amendment of the complaint as to all of the Defendants other than Defendant O'Donnel would be futile as, at most, the basis of liability as to them would necessarily rest upon respondeat superior, which is impermissible under Section 1983. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

5

Accordingly, the complaint is properly dismissed pre-service pursuant to the PLRA as against all of the Defendants except for Defendant O'Donnel, for failure to state a claim upon which relief can be granted.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 8 April, 2009

cc: The Honorable Gary L. Lancaster
United States District Judge

David Carrasquillo
HO-2987
SCI Pittsburgh
P.O. Box 99991
3001 Beaver Avenue
Pittsburgh, PA 15233