IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CARRASQUILLO,<br>                Plaintiff<br><br>vs.<br><br>CORRECTION OFFICER O'DONNEL,<br>                Defendant | )<br>)<br>)<br>) Civil Action No. 09-347<br>) Judge Gary L. Lancaster/<br>) Chief U.S. Magistrate Judge Amy Reynolds Hay<br>) |

**REPORT AND RECOMMENDATION**

**I.  Recommendation**

It is respectfully recommended that the Complaint [Doc.3] in the above-captioned case be dismissed for failure to prosecute.

**II.  Report**

On April 6, 2009, the pro se Plaintiff, David Carrasquillo ("Plaintiff" or "Carrasquillo"), filed a civil rights Complaint naming as Defendants, Correction Officer O'Donnel ("O'Donnel"), and others. The Complaint was based on alleged harassment and abuse by O'Donnel.  In an Order [Doc. 11] dated June 30, 2009, the District Court adopted the Magistrate Judge's Recommendation [7] that all Defendants, with the exception of O'Donnel, be dismissed.  On November 2, 2009, the Court ordered [Doc. 18] that the Marshall serve O'Donnel in the manner directed by the Plaintiff.  The Waiver of Service was returned unexecuted on November 27, 2009 [Doc. 20].  On March 16, 2010, the Plaintiff was ordered to provide the Court with proper instructions for O'Donnel's service or to show cause why this action should not be dismissed [Doc. 23].  To date, he has failed to do so.

Punitive dismissal of an action for failure to comply with court orders is left to the

Court's discretion.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In exercising this discretion,  the Court must consider the six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984):

>    (1) The extent of the party's personal responsibility;
>
>    (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
>    (3) A history of dilatoriness;
>
>    (4) Whether the conduct of the party or the attorney was willful or in bad faith;
>
>    (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
>    (6) The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  On the whole, the Poulis factors favor dismissal of the Plaintiff's Complaint.

The Plaintiff's failure to comply with the Court's March 16 Order, despite having been given ample time in which to do so, constitutes dilatory conduct and a lack of personal responsibility that may well rise to the level of bad faith.

The prejudice caused to the Defendant by O'Donnel's failure to comply with this Court's Orders does not appear to extend beyond that associated with general delay and administrative inconvenience. The merit of his claim is unknown.  Thus, neither of these Poulis  factors weighs strongly in favor of nor against dismissal.

Poulis last directs that the court consider the effectiveness of sanctions other than

dismissal. Since the Plaintiff is proceeding in forma pauperis, it appears that monetary sanctions would be meaningless. More fundamentally, dismissal is appropriate because this case cannot proceed without the participation of the Plaintiff. Because he has failed to respond to the Court's Order, it is respectfully recommended that the Complaint be dismissed. No other sanction will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

    In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.D.2 B, the parties are permitted to file written objections in accordance with the schedule included in the docket entry reflecting the filing of this Report and Recommendation.

Respectfully Submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

cc:    David Carrasquillo
       HO-2987
       SCI Albion
       10745, Route 18
       Albion, PA 16475-0002